### Harrison Bliss *vs.* Christopher Whitney.

Platform scales, set in an excavation in a highway and extending under a building upon adjoining land and up into a room to which that part of the scales by which the weight is ascertained is firmly attached, are a fixture; and, if put there by a tenant, must be removed by him before the expiration of his term, or they will pass to the owner of the real estate.

Tort for the conversion of a set of platform scales.

At the trial in the superior court, before *Rockwell*, J., it appeared that in May 1857 a store in front of which the platform of the scales was situated was occupied by Holmes & Hubbard; and that the platform of the scales was within the limits of a highway, an excavation being made there, and walled around, and the large levers being inserted therein in the usual manner, and connected through an excavation which extended under the building by a rod, which could be unhooked, with that portion of the scales by which the weight is ascertained, which was in a room above, and firmly fixed there by spikes, and painted in the same style with the room. All the weights were kept in this room, and all the weighing was done there. There was evidence to show that in May 1857 the plaintiffs purchased of Holmes & Hubbard the scales and various articles of office furniture, and took a bill of sale of them, and took possession of the scales by going to the building, but never removed them nor severed their connection with the building, nor used them nor received pay for the use of them by others, nor owned, hired or occupied the store. There was no other evidence of the title of Holmes & Hubbard to the scales, and no evidence as to whether they were owners or only tenants of the building.

The defendant testified that he had occupied the building since 1859, and that in 1863 he bought the premises of John Lane, the owner, including the scales, and received a dee⁻ thereof, which was produced; and that before making his purchase he knew that the plaintiff claimed to be the owner of the scales.

Upon this evidence, the judge ruled that the scales did not

constitute a fixture, and did not pass by the deed from Lane to the defendant; and a verdict was returned for the plaintiff. The defendant alleged exceptions.

*P. E. Aldrich,* (*P. C. Bacon* with him,) for the defendant.

*F. H. Dewey,* for the plaintiff, cited *Walker* v. *Sherman,* 20 Wend. 636; *Kelsey* v. *Durkee,* 33 Barb. 410; *Farrar* v. *Chauffetete,* 5 Denio, 527; *Cook* v. *Champlain Transp. Co.* 1 Denio, 102; *Bartlett* v. *Wood,* 32 Verm. 372; *Fullam* v. *Stearns,* 30 Verm. 443; *Hill* v. *Wentworth,* 28 Verm. 428.

GRAY, J. Fixtures annexed to real estate become part of it. If annexed by the owner of land, they pass with it by a sale or mortgage from him, or by a levy of execution for his debt; and if he dies intestate, seised of the land and fixtures, they go to the heir as against the executor. If annexed by a tenant for purposes of trade, or some other immediate or temporary uses, or for ornament, he may indeed, while remaining in possession, sever them from the land, and thus change their character back again from realty to personalty; but if, without having done so, he voluntarily quits the premises at the expiration of his term, without any special agreement with his landlord, neither he nor his vendee can afterwards claim them against the owner of the land. *Goddard* v. *Chase,* 7 Mass. 432. *Gaffield* v. *Hapgood,* 17 Pick. 192. *Noble* v. *Bosworth,* 19 Pick. 314. *Winslow* v. *Merchants' Ins. Co.* 4 Met. 310, 311. *Shepard* v. *Spaulding,* Ib. 416. *Butler* v. *Page,* 7 Met. 40. *Wall* v. *Hinds,* 4 Gray, 256.

The platform scales, to recover the value of which this action is brought, are shown by the bill of exceptions to have been set into the soil, and firmly attached to the building. The earth had been displaced, and a wall built around the excavation, to receive the platform. To remove the platform and scales would leave this excavation under and in front of the building, and deface the room to which the weighing apparatus was fastened. They were as much a part of the freehold as a furnace or fire frame, or dyer's kettles, fixed in brick work, in the cases above cited.

It does not appear by the bill of exceptions whether Holmes & Hubbard, the plaintiff's vendors, were the owners or the tenants of the building, nor by whom the scales were put in.

But assuming (as most favorable to the plaintiff) that Holmes & Hubbard were tenants only, and had themselves put in the scales, the utmost right which they could exercise or transfer without their landlord's assent, was to remove the scales during their occupation, and thus make them personal property. This not having been done, nor any deed of them executed in the form necessary to pass real estate before the land became the property of Lane, the fixtures passed with the land to Lane, and his subsequent conveyance to the defendant gave him a perfect title to the scales as against the plaintiff.

*Exceptions sustained.*